Cite as 2021 Ark. 169

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE CREATION OF THE OFFICE OF ETHICS COUNSEL AND AMENDMENTS TO RULES 1.6 AND 8.3 OF THE ARKANSAS RULES OF PROFESSIONAL CONDUCT | **Opinion Delivered:** September 30, 2021 |

**PER CURIAM**

Pursuant to Amendment 28 to the Arkansas Constitution and this court's inherent authority to regulate the practice of law, we hereby establish the Office of Ethics Counsel (OEC) and adopt rules for its operation as set out below. Additionally, we adopt changes to Rules 1.6 and 8.3 of the Arkansas Rules of Professional Conduct. The OEC, its rules, and the amendments to the Arkansas Rules of Professional Conduct shall be effective immediately.

## RULES OF THE OFFICE OF ETHICS COUNSEL

Rule 1. SCOPE OF THE PROGRAM

A. *Establishment*. The Court hereby creates the Arkansas Supreme Court Office of Ethics Counsel (OEC) which may provide advice to Arkansas attorneys regarding legal ethics issues and interpretations of the Arkansas Rules of Professional Conduct.

B. *Purpose*. The OEC has multiple purposes, including:

(1) To aid attorneys who voluntarily seek to maintain the highest ethical standards in their provision of legal services;

(2) To protect the interests of clients, litigants, and the courts, who might be harmed by unethical actions; and

(3) To foster public confidence in the Arkansas Bar's provision of ethical legal services.

Rule 2. FUNDING AND ADMINISTRATION

A. *Compensation and expenses.* The Arkansas Supreme Court shall provide funds for staff compensation and operational expenses of the office with funds available to the court from attorney license fees and any other available and appropriate court revenue.

B. *Supervision.* The Supreme Court shall provide oversight of the OEC through an appointed liaison justice.

Rule 3. OEC DIRECTOR AND ADDITIONAL PERSONNEL

A. *Hiring and qualifications.* The Arkansas Supreme Court shall hire the OEC director (Ethics Counsel), and the director will serve at the pleasure of the court. The director shall be an attorney in good standing who is licensed in Arkansas.

B. *Additional staff.* The Court may from time-to-time authorize and fund additional staff for the OEC. The Arkansas Supreme Court shall hire any additional employees whom it deems necessary. Office staff will be supervised by Ethics Counsel.

Rule 4. SERVICES TO BE PROVIDED

A. *Format.* The OEC may provide the inquiring attorney with informal ethics advice, guidance, or opinion, in oral or written form, on areas of attorney ethical conduct and

interpretation of the Arkansas Rules of Professional Conduct for Attorneys at Law within the scope set in these Rules.

B. *Helpline.* The OEC shall provide a telephone Ethics Helpline on basic ethics and Rules questions for a quicker verbal or electronic response than can be given by a more detailed written response.

C. *Advertising.* Ethics Counsel may review an inquiring attorney's proposed advertising, marketing, and solicitation materials and offer informal guidance and opinion on compliance of the materials with the Arkansas Rules of Professional Conduct.

D. *Fees.* Access to the services of the OEC shall be free to attorneys actively licensed and in good standing in Arkansas and those admitted pro hac vice by rule to practice in the courts of this state.

Rule 5. REQUESTS FOR ADVICE OR OPINIONS

A. *Request form.* Ethics Counsel may require that any request for an informal advisory opinion be submitted in writing on a form provided by the OEC.

B. *Denial of request.* Ethics Counsel may decline to give or defer giving an informal advisory opinion where (1) the requester seeks to be anonymous by not providing a correct name and Arkansas Bar Number or (2) the requester declines to provide what Ethics Counsel determines is necessary information to be able to appropriately respond to the request. Ethics Counsel may request additional information or decline to accept the request if the request is for an opinion that is outside the scope of OEC services. Within three business days of the receipt of a request, Ethics Counsel shall notify the requesting attorney

of the estimated time for an informal opinion to be issued. Informal opinions ordinarily shall be rendered within thirty days of the request's acceptance.

C. *Clarification.* If an attorney seeks clarification, such clarification must be requested from OEC within five days of the opinion's issuance. Thereafter, such written opinions shall be deemed final and subject to publication as set forth in Rule 8.

D. *Attorney obligations.* Oral and written requests to the OEC for an informal opinion or advice shall include a statement that the inquiring attorney and the subject matter of the request are not the subject of a pending disciplinary proceeding against the inquiring attorney or any other attorney in the law firm in which the requesting attorney may practice.

E. *Non-attorneys.* The OEC shall not provide any opinion or advice to a non–attorney.

Rule 6. LIMITATIONS ON THE TYPE OF ADVICE OR OPINIONS GIVEN

A. *Legal issues.* Ethics Counsel shall not provide opinions or advice involving solely legal questions, interpretations of law, or related issues.

B. *Past conduct.* Advice and opinions generally will address only future conduct of the inquiring attorney or future conduct of an attorney with whom the inquiring attorney practices in a law firm relationship.

C. *Disclosure.* Oral and written requests to the OEC for an informal opinion or advice shall include a statement disclosing if the inquiring attorney and the subject matter of the request are involved in civil or criminal litigation.

Rule 7. EFFECT OF OEC OPINIONS

A. *Non-binding opinions*. Advice or opinions provided by Ethics Counsel and the OEC shall have no binding effect on any court, tribunal, or the office or Committee on Professional Conduct.

B. *Discretionary consideration*. The Office of Professional Conduct and Committee on Professional Conduct, courts, and tribunals of this state may take an informal advisory opinion into consideration to the extent each entity considers appropriate when the opinion relates to a grievance or complaint about conduct of the attorney receiving the advisory opinion. Each entity may give the advisory opinion such weight as it determines to be appropriate.

Rule 8. PUBLIC SUMMARIES OF OPINIONS

A. *Online publication*. Redacted summaries of opinions issued by the OEC may be made available as an online resource to attorneys and the public to foster compliance with the Rules of Professional Conduct and ethical conduct by attorneys.

B. *Anonymity*. Summaries shall be written in a format and content that does not permit the identification of the inquiring attorney, any other attorney who may be involved in the opinion request, the subject matter of the request, any client, potential client, party, or any litigation involving the subject matter.

Rule 9. CONFIDENTIALITY

A. *Disclosure exemptions*. The OEC and Ethics Counsel are exempt from any disclosure requirements of Arkansas Rule of Professional Conduct 1.6(b), except the OEC may disclose to appropriate agencies information Ethics Counsel reasonably believes

necessary to prevent the commission of a criminal act, contain a threat of suicide or serious self-harm by the inquiring attorney, or to comply with a court order.

B. *Documents*. Any attorney request for an opinion submitted to the OEC and any documents submitted as part of the request shall be treated as confidential materials by the OEC. As files of an agency of the Court, these materials and the OEC files are exempt from disclosure under the Arkansas Freedom of Information Act, Arkansas Code Annotated section 25-19-101 et seq.

C. *Reporting exemption*. The OEC and Ethics Counsel are exempt from the reporting requirements of Arkansas Rule of Professional Conduct 8.3 regarding information received in the course of the advice or opinion process.

D. *Subpoena exemption*. The files of the OEC shall not be subject to production by subpoena from any attorney, person, court, or tribunal.

E. *Statistical Reports*. Ethics Counsel or the OEC is authorized to release reports containing statistical data to the Arkansas Supreme Court.

Rule 10. LEGAL STATUS OF THE OEC AND OEC STAFF

A. *Attorney-client relationship*. Submission of a request for informal advice and opinion and any communications connected with a request do not create any attorney-client relationship between the inquiring attorney and the OEC, Ethics Counsel, or OEC staff pursuant to the Arkansas Rules of Professional Conduct.

B. *Immunity*. The OEC, its employees, agents, and Ethics Counsel are absolutely immune from suit or action or civil liability to the full extent of judicial and State immunity

in Arkansas for all their activities performed in discharge of their duties under these Rules and any subsequent rules, procedures, and orders.

Rule 11. REPORTING, RECORDS RETENTION, AND FACILITIES

A. *Reporting.* Ethics counsel shall prepare a quarterly report for review by the Arkansas Supreme Court. The report shall contain a summary of the number of opinions requested, the rules involved, and the status of each request. Ethics Counsel shall include an explanation for any requests that have been pending for more than thirty days without an opinion.

B. *Secure storage.* OEC records of contacts with and advice and opinion given to attorneys shall be maintained in a secure and confidential manner for three years from the date a response is provided to the inquiring attorney, after which the records shall be securely destroyed or deleted.

C. *Facilities.* The OEC office shall be located in a place designated by the Arkansas Supreme Court that is consistent with the confidentiality provisions of these rules.

## ARKANSAS RULES OF PROFESSIONAL CONDUCT

We hereby adopt changes to Rules 1.6 and 8.3 of the Arkansas Rules of Professional Conduct. The revised rules are published below, with the changes set forth in "line-in, line-out" fashion (new material is underlined; deleted material is lined through).

## Rule 1.6. Confidentiality of Information

(a) A lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).

(b) A lawyer may reveal such information to the extent the lawyer reasonably believes necessary:

(1) to prevent the commission of a criminal act;

(2) to prevent the client from committing a fraud that is reasonably certain to result in injury to the financial interests or property of another and in furtherance of which the client has used or is using the lawyer's services;

(3) to prevent, mitigate or rectify injury to the financial interest or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services;

(4) to secure legal advice and opinion, including from the Office of Ethics Counsel, about the lawyer's compliance with these Rules;

(5) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client or,

(6) to comply with other law or a court order; or

(7) to detect and resolve conflicts of interest between lawyers in different firms, but only if the revealed information would not compromise the attorney-client privilege or otherwise prejudice the client.

(c) A lawyer shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of a client.

(d) Neither this Rule nor Rule 1.8(b) nor Rule 1.16(d) prevents the lawyer from giving notice of the fact of withdrawal, and the lawyer may also withdraw or disaffirm any opinion, document, affirmation or the like.

**Rule 8.3. Reporting Professional Misconduct.**

(a) A lawyer having knowledge that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate professional authority.

(b) A lawyer having knowledge that a judge has committed a violation of applicable rules of judicial conduct that raises a substantial question as to the judge's fitness for office shall inform the appropriate authority.

(c) This rule does not require disclosure of information otherwise protected by Rule 1.6.

(d) This rule shall not apply to a member or employee of the Lawyer Assistance Committee ("the Committee") of the Arkansas Judges and Lawyers Assistance Program ("JLAP") or a volunteer serving pursuant to Rule 4 of the Rules of JLAP regarding information received in one's capacity as a Committee member, employee, or volunteer. However, the "duty to report" outlined in paragraphs (a) and (b) above is reinstated if, in good faith, the JLAP committee member, employee, or volunteer, has: reason to believe that an attorney participating in the JLAP program is failing to cooperate with said program;

9

is engaged in criminal behavior or the threat thereof; or, is otherwise in violation of paragraphs (a) and (b) of this rule which is beyond or succeeds the behavior upon which the attorney's participation in JLAP was initially based.

(e) This rule and its reporting requirements shall not apply to the Supreme Court Office of Ethics Counsel for information received in the course of its official duties in providing informal advice or opinion to Arkansas lawyers.

It is so ORDERED.

WOOD, WOMACK, and WEBB, JJ., dissent.

**BARBARA W. WEBB, Justice, dissenting.** I do not oppose providing Arkansas attorneys with guidance regarding the Rules of Professional Conduct. Before we take the extraordinary step of creating the Office of Ethics Counsel, however, I believe that we should first promulgate a draft proposal to the bench and bar for their input and critique. Furthermore, because the need for such a resource has not been clearly determined, I think it would be prudent to launch this new service as a pilot program for a limited period of time—perhaps just one year. I therefore respectfully dissent.

When this court votes to change rules of practice and procedure, we routinely send out draft versions of the new rules to solicit input. These comments have proven invaluable in the past and have helped craft rules that are tailored to the needs of the attorneys that will use them. Because bar dues will finance the Office of Ethics Counsel, it seems only fair to first determine if practitioners need this service and would use it, especially if it could result in an increase to their bar dues.

10

Putting a draft proposal out for comment will also allow us to formally benefit from the Arkansas Bar Association's experience in this area. The Bar Association has an ethics advisory committee that reportedly is underutilized. This court could be well-served by drawing on the Bar Association's experience to refine this service.

Finally, I believe if we launch this initiative, it should be as a pilot program. If we do not see substantial demand for this service, we should be ready to discontinue it or significantly alter it. Given the Bar Association's experience with its advisory committee, I question whether we should make a permanent commitment to establishing the Office of Ethics Counsel.

I respectfully dissent.

WOOD, J., joins.